IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEMI MONTANO LIM,

       Plaintiff,                No. 2:10-CV-00958-KJN (TEMP)

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.         <u>ORDER</u>

_____/

       Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).  (Dkt. No. 23.)  Plaintiff seeks fees based on 26.9 hours in 2010 at the rate of $175.06 per hour for attorney time and 9.3 hours in 2011 at the rate of $181.38 per hour, for a total amount of $6,395.95.  Defendant contends that fees under the EAJA should not be awarded because the government's position was substantially justified.  In the event fees are awarded, defendant contends that the amount of fees requested is not supported by a proper declaration and is excessive.

       Plaintiff also submitted a bill of costs for $372.84 (dkt. no. 22), which defendant has not opposed.

       After reviewing the documents in support of and in opposition to plaintiff's motion and bill of costs, and good cause appearing, the court now issues the following order.

1    <u>DISCUSSION</u>

2             <u>Motion for Attorneys' Fees Under EAJA</u>

3             The EAJA provides that the prevailing party in a civil action against the United

4    States may apply for an order for attorneys' fees and expenses within thirty days of final

5    judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  An applicant for Social Security benefits

6    receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of

7    whether the applicant later succeeds in obtaining the requested benefits.  <u>Shalala v. Schaefer</u>, 509

8    U.S. 292, 300-02 (1993).  In this case, the matter was remanded under sentence four pursuant to

9    the order of the court on cross-motions for summary judgment.  (<u>See</u> Dkt. No. 20.)  Plaintiff thus

10   is entitled to an award of fees under the EAJA, unless the court finds that the position of the

11   United States was substantially justified.  <u>Flores v. Shalala</u>, 49 F.3d 562, 569 (9th Cir. 1995)

12   (holding that claimant is entitled to attorneys' fees unless the government shows that its position

13   "with respect to the issue on which the court based its remand was 'substantially justified'").

14            <u>*A.  Substantial Justification*</u>

15            The burden of establishing substantial justification is on the government.

16   <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001).  In <u>Pierce v. Underwood</u>, 487 U.S.

17   552 (1988), the Supreme Court defined "substantial justification" as:

18            'justified in substance or in the main' – that is, justified to a degree
             that could satisfy a reasonable person.  That is no different from the
19           'reasonable basis in both law and fact' formulation adopted by the
             Ninth Circuit and the vast majority of other Courts of Appeals that
20           have addressed this issue.

21   <u>Id.</u> at 565.  A position does not have to be correct to be substantially justified.  <u>Id.</u> at 566 n.2; <u>see</u>

22   <u>also</u> <u>Lewis v. Barnhart</u>, 281 F.3d 1081, 1083 (9th Cir. 2002).

23            In determining substantial justification, the court reviews both the underlying

24   governmental action being defended in the litigation and the positions taken by the government

25   in the litigation itself.  <u>Barry v. Bowen</u>, 825 F.2d 1324, 1331 (9th Cir. 1987), <u>disapproved on</u>

26   <u>other grounds</u>, <u>In re Slimick</u>, 928 F.2d 304, 310 n.8 (9th Cir. 1990).  Where the underlying

2

1   government action was not substantially justified, it is unnecessary to determine whether the

2   government's litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875,

3   880 (9th Cir. 1988).  "The nature and scope of the ALJ's legal errors are material in determining

4   whether the Commissioner's decision to defend them was substantially justified."  Sampson v.

5   Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir.

6   1995)).

7           In its August 29, 2011 order, the court held that a remand for further proceedings

8   was warranted with respect to two primary issues: (1) the ALJ failed to articulate specific and

9   legitimate reasons for rejecting plaintiff's examining psychologist Dr. Kalman's opinion as to

10  plaintiff's ability to concentrate for extended periods of time and to complete a workday; and (2)

11  the ALJ failed to explain why he omitted a "ready access to restroom facilities" restriction from

12  plaintiff's residual functional capacity ("RFC") assessment.  (Dkt. No. 20.)

13          Defendant contends that the government's position was substantially justified.

14  With respect to the first issue, defendant, as it did in its cross-motion for summary judgment,

15  points to various portions of the record to argue that the ALJ's interpretation of Dr. Kalman's

16  opinion was not unreasonable "even though this Court did not agree with it."  (Dkt. No. 25, at 2.)

17  However, the issue is not the court's reasonable disagreement with the ALJ's interpretation, but

18  instead that the ALJ failed to provide any meaningful interpretation of Dr. Kalman's findings

19  regarding plaintiff's ability to concentrate for extended periods and complete a workday.  The

20  ALJ merely indicated that he gave Dr. Kalman's assessment some weight, but entirely failed to

21  explain his rationale for not incorporating Dr. Kalman's limitations into plaintiff's RFC.  It is

22  well established by the Commissioner's own regulations that if an RFC assessment conflicts with

23  a medical source opinion, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, at

24  *7.  While it is true that the ALJ is not required to discuss all evidence presented, the ALJ must

25  explain why significant probative evidence was rejected.  See Vincent v. Heckler, 739 F.2d 1393,

26  1394-95 (9th Cir. 1984).  Dr. Kalman's opinions were not insignificant, given that he was the

3

1    only examining psychologist to assess plaintiff.

2             As to the second issue, defendant argues that it was reasonable for the ALJ to give

3    greater weight to the state agency physician's later October 3, 2007 assessment, which omitted a

4    "ready access to restroom facilities" restriction, than to the earlier June 26, 2007 assessment that

5    included such a restriction.  This argument ignores two facts.  First, the second assessment,

6    which occurred just over three months after the first assessment, did not note any improvement in

7    plaintiff's irritable bowel syndrome or urinary incontinence.  It reveals no reason why the

8    restriction was omitted from the second assessment, and the omission may well be inadvertent

9    error.  Second, the ALJ expressly found plaintiff's irritable bowel syndrome to be severe, which

10   strongly undercuts defendant's after-the-fact rationalization that the ALJ must have intended to

11   adopt the most current assessment.  In any event, the ALJ never set forth his reasoning with

12   respect to this issue.

13             Under these circumstances, the court cannot find that the government's position

14   was substantially justified.  Accordingly, fees under the EAJA will be awarded.

15                         *B.  Reasonable Fee*

16             The EAJA directs the court to award a reasonable fee.  In determining whether a

17   fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the

18   results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v.

19   Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

20             In considering a reasonable rate for attorneys' fees, an increase in the statutory

21   rate of $125 may be justified to account for inflation.  See Ramon-Sepulveda v. INS, 863 F.2d

22   1458, 1463- 64 (9th Cir. 1988) (adding inflationary adjustment to statutory maximum), receded

23   from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001).  The cost of living

24   adjustment ("COLA") to the statutory cap is computed by multiplying the cap by the consumer

25   price index for urban consumers for the year in which the fees were earned, then dividing by the

26   consumer price index figure on the date that the cap was imposed by Congress.  Sorenson, 239

F.3d at 1148-49.  The national, rather than local, change in cost of living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." <u>Stewart v. Sullivan</u>, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

As an initial matter, defendant argues that the court should not award fees earned by Chantal Harrington and Sarah Bohr, associate attorneys of plaintiff's primary counsel, Ann Cerney.  Defendant claims that only Ms. Cerney's fees are supported by a proper declaration, and that the accounting of Ms. Harrington and Ms. Bohr's hours is merely set forth in an unsigned exhibit.  (<u>See</u> Dkt. No. 23-3.)  While technically correct, defendant's argument elevates form over substance.  As the supervising attorney, Ms. Cerney is presumably familiar with the rates of and the hours worked by her associates, and their time sheet was submitted by Ms. Cerney along with the other documentation in support of the motion.  Additionally, Ms. Bohr subsequently filed a declaration along with plaintiff's reply in support of the EAJA motion.  (<u>See</u> Dkt. No. 26-1.)  Accordingly, the court declines to discount the fee award on this basis.

Defendant has not objected to the reasonableness of plaintiff's counsel's rates.  It appears that plaintiff's counsel has correctly calculated the COLA to the statutory cap of $125 per hour, resulting in an hourly rate of $175.06 for 2010 and an hourly rate of $181.38 for 2011.  However, defendant does contend that Ms. Cerney's hours are excessive, because she allegedly spent too much time instructing, and reviewing the work of, Ms. Harrington and Ms. Bohr.  The court has scrutinized closely the hours claimed by Ms. Cerney and finds no reason to believe that they are inflated.  In fact, the records show that Ms. Cerney only spent 3.8 hours reviewing and revising her associates' work (3.3 hours for the motion for summary judgment and 0.5 hours for the reply brief).  Therefore, no reduction in Ms. Cerney's hours is warranted.

Finally, defendant argues that plaintiff's counsel's fees should be reduced by one third, because plaintiff failed to succeed on one of her three arguments in the district court.  In <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), the U.S. Supreme Court rejected "a mathematical

1  approach comparing the total number of issues in the case with those actually prevailed upon."

2  Id. at 435.[1] Instead, the court stated that:

3  　　　　　We hold that the extent of a plaintiff's success is a crucial factor in
   　　　　　determining the proper amount of an award of attorney's fees ...
4  　　　　　Where the plaintiff has failed to prevail on a claim that is distinct
   　　　　　in all respects from his successful claims, the hours spent on the
5  　　　　　unsuccessful claim should be excluded in considering the amount
   　　　　　of a reasonable fee.  Where a lawsuit consists of related claims, a
6  　　　　　plaintiff who has won substantial relief should not have his
   　　　　　attorney's fee reduced simply because the district court did not
7  　　　　　adopt each contention raised.  But where the plaintiff achieved only
   　　　　　limited success, the district court should award only the amount of
8  　　　　　fees that is reasonable in relation to the results obtained.

9  Id. at 440.  "Litigants in good faith may raise alternative legal grounds for a desired outcome, and

10 the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a

11 fee.  The result is what matters."  Id. at 435.

12 　　　　　In this case, plaintiff sought a remand for additional consideration of the medical

13 evidence based on three alternative grounds.  As discussed above, she successfully obtained a

14 remand under sentence four with respect to two of the three issues raised in the litigation.

15 Although plaintiff's argument that the ALJ improperly analyzed the medical evidence regarding

16 improvement of her fibromyalgia was found unpersuasive, the court does not find unreasonable

17 the time spent advancing that argument.  The argument was not summarily rejected and

18 warranted consideration by the court.  To the extent counsel was attempting to preserve all

19 possible bases for remand, advancing that argument was not unreasonable, even if it was

20 ultimately unavailing.  Moreover, given the overall result obtained, the court finds that its

21 rejection of one of plaintiff's grounds for remand is not a sufficient reason for reducing the fees

22 requested.

23 　　　　　Accordingly, the court will award plaintiff her attorneys' fees in the full amount of

24
   _____

25 　　　[1] Hensley was an attorneys' fees proceeding under 42 U.S.C. § 1988; however, it is also
   applicable to awards of fees under the EAJA.  See INS v. Jean, 496 U.S. 154, 161 (1990)
   (holding that, under the EAJA, "the district court's task of determining what fee is reasonable is
26 essentially the same as that described in Hensley); Sorenson, 239 F.3d at 1145 n.2.

1   $6,395.95.  The court notes that plaintiff has executed an assignment of her EAJA fees to

2   plaintiff's counsel.  (Dkt. No. 23-1.)  However, the EAJA award must be made by this court to

3   plaintiff, and not to counsel.  <u>See</u> <u>Astrue v. Ratliffe</u>, 130 S. Ct. 2521 (2010).  Nevertheless, if the

4   government determines that plaintiff does not owe a federal debt that qualifies for offset,

5   payment may be made in the name of plaintiff's attorney.

6          <u>Bill of Costs</u>

7          Plaintiff submitted a bill of costs for $372.84 ($350 for the filing fee and $22.84

8   for service of the summons).  Defendant has not objected to any of these costs.  Therefore, the

9   court will award costs in the amount of $372.84.

10  <u>CONCLUSION</u>

11         Accordingly, IT IS HEREBY ORDERED that:

12         1.  Plaintiff's motion for attorneys' fees under EAJA (dkt. no. 23) is granted and

13  plaintiff is awarded attorneys' fees in the amount of $6,395.95.

14         2.  Plaintiff's bill of costs (dkt. no. 22) is granted and plaintiff is awarded costs in

15  the amount of $372.84.

16  DATED:  November 30, 2011

17

18                              _____
                                KENDALL J. NEWMAN
19                              UNITED STATES MAGISTRATE JUDGE

20  Lim.0958.ss.EAJA.wpd

21

22

23

24

25

26

                              7